**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 26, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

RAMON BECERRA-MONTES, a/k/a
Zoilo Cruz-Carillo,

      Defendant - Appellant.

No. 05-8112

D. Wyoming

(D.C. No. 05-CR-28-02-ABJ)

---

**ORDER AND JUDGMENT***

---

Before **TACHA**, **HARTZ**, and **TYMKOVICH**, Circuit Judges.

---

Mr. Ramon Becerra-Montes appeals his sentence, contending that it should

have been reduced under United States Sentencing Guidelines (USSG) § 3B1.2

because he was a minimal participant in the drug-trafficking crimes to which he

pleaded guilty. *See* USSG § 3B1.2 (providing four-level reduction for "minimal

---

*After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f). The case is therefore ordered submitted
without oral argument. This order and judgment is not binding precedent, except
under the doctrines of law of the case, res judicata, and collateral estoppel. The
court generally disfavors the citation of orders and judgments; nevertheless, an
order and judgment may be cited under the terms and conditions of 10th Cir. R.
36.3.

participant"; two-level reduction for "minor participant"; and three-level reduction for "cases falling between"). Because the district court could properly find that the evidence in the record did not establish that Mr. Becerra-Montes was a minimal participant, we affirm the judgment of the district court.

## I.  BACKGROUND

Mr. Becerra-Montes pleaded guilty to one count of conspiracy to possess with intent to distribute both methamphetamine and heroin; one count of possession with intent to distribute methamphetamine; and one count of possession with intent to distribute heroin. Before sentencing he filed a motion requesting a four-level reduction in his offense level because he was a minimal participant in the crimes. *See id.*

According to the presentence report, on December 17, 2004, Simon Aleman-Blanco and Mr. Becerra-Montes were stopped for following too closely while traveling on I-80 near Cheyenne, Wyoming. The vehicle they were traveling in was registered to Claudia Campos. In response to the trooper's questions, Aleman-Blanco stated that the owner of the car was named "Gloria," but he did not remember her last name or address, and that he and Mr. Becerra-Montes were traveling to Nebraska to find work. Questioned separately, Mr. Becerra-Montes also told the trooper that they were on their way to Nebraska to look for work. He correctly named the owner of the vehicle as "Claudia," though he said that he knew her only vaguely and that she was a friend of

Aleman-Blanco. Eventually, both consented to a search of the vehicle, which revealed a hidden compartment beneath the dashboard containing 11 separate packages of controlled substances..

A law-enforcement agent was sent to interview Claudia Campos. She said that she had met Mr. Becerra-Montes through his brother, Carlos Contreras, her former boyfriend. According to Campos, in the summer of 2004 Contreras discovered the hidden compartment while installing a stereo in the vehicle. That October Mr. Becerra-Montes told Campos that he wanted to buy the car, and in early November he brought Aleman-Blanco to meet Campos. Campos discussed the hidden compartment with Aleman-Blanco, who then purchased the car from her.

At his change-of-plea hearing, Mr. Becerra-Montes admitted only to the basic facts: that he and Aleman-Blanco were stopped while transporting drugs; that he knew the drugs were there and had helped drive; and that a search of the vehicle revealed 3.7 pounds of methamphetamine and 8 pounds of heroin. When the court asked him about Campos and Contreras, he responded, "I was only coming to plead guilty for the drugs in the car. What am I supposed to say about that?" R. Vol. 2 at 20-21. In his statement filed before sentencing, he again said that he and Aleman-Blanco had agreed to go to Nebraska to look for work, and that Aleman-Blanco had borrowed the car from Campos. He did not know about the hidden compartment, he said, and "first became aware that there were drugs in

the car while we were on the road. Aleman said to me . . . that there are drugs in the car." R. Vol. 6 at 3-4.

The district court concluded that Mr. Becerra-Montes had not demonstrated that he was a minimal participant because there were too many "large holes and unaccounted for time and activity during a critical period." R. Vol. 3 at 22-23. Mr. Becerra-Montes now appeals that decision.

## II.   DISCUSSION

We review sentences under a reasonableness standard "guided by the factors set forth in 18 U.S.C. § 3553(a)," including the Guidelines. *United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir. 2006). "A sentence cannot . . . be considered reasonable . . . if it was based on an improper determination of the applicable Guidelines range." *Id*. at 1055. "[I]n considering the district court's application of the Guidelines, we review factual findings for clear error and legal determinations de novo." *Id*. at 1054. "A trial court's findings concerning a defendant's role in a particular offense are treated by an appellate court as factual findings, which are subject to a deferential review under the clearly erroneous standard." *United States v. Santistevan*, 39 F.3d 250, 253 (10th Cir. 1994) (internal quotation marks omitted).

"It is the defendant's burden to establish, by a preponderance of the evidence, his entitlement to an offense level reduction under § 3B1.2," *id*. at 254, and "the court, in weighing the totality of the circumstances, is not required to

find, based solely on the defendant's bare assertion, that such a role adjustment is warranted," USSG § 3B1.2 cmt. 3(C). There is nothing in the record indicating Mr. Becerra-Montes's role was minor, other than his "bare assertion." *See United States v. Salazar-Samaniega*, 361 F.3d 1271, 1278 (10th Cir. 2004) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous. A defendant's own testimony that others were more heavily involved in a criminal scheme may not suffice to prove his minor or minimal participation, even if uncontradicted by other evidence." (internal quotation marks and citation omitted)).

Mr. Becerra-Montes tries to turn this lack of evidence on its head, suggesting that it cuts in favor of a minor-participant reduction because it shows that he had limited knowledge of the crime. "The district court's finding of limited information results directly from Becerra-Montes' lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others." Aplt. Br. at 16. It surely cannot be the case, however, that a defendant who claims to have limited knowledge must therefore be a minor participant in the crime. The district court could quite properly infer that Mr. Becerra-Montes simply did not want to implicate others and disclose the full extent of his involvement.

The district court's finding that Mr. Becerra-Montes had not demonstrated that he was a minor participant was not clear error. The Guidelines range was

therefore properly calculated and considered, and Mr. Becerra-Montes does not otherwise challenge his sentence as unreasonable. *Kristl*, 437 F.3d at 1054 (sentence within a properly calculated Guidelines range is entitled to a presumption of reasonableness).

## III. CONCLUSION

We AFFIRM the judgment of the district court.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge